JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Johnny Todd appeals from the trial court's order of sentence after appellant entered pleas of guilty in three separate cases. Appellant contends the trial court failed to adequately state its reasons for its decision to impose consecutive sentences.
 {¶ 2} Since a review of the transcript reveals, however, the trial court fulfilled all of its statutory duties, appellant's sentences are affirmed.
 {¶ 3} Appellant originally was indicted in CR-396973 on three counts: 1) possession of heroin (over ten but less than fifty unit doses), R.C. 2925.11; 2) preparation of heroin for sale, R.C. 2925.07; and 3) possession of criminal tools, R.C. 2923.24. These offenses were alleged to have occurred on June 19, 2000; appellant was released on bond after his arrest while his indictment was pending.
 {¶ 4} On July 18, 2000 appellant was re-arrested for crimes for which he ultimately was indicted in CR-398926 on six counts: 1) trafficking in drugs (the caption indicates cocaine while the body indicates heroin), R.C. 2925.03; 2) possession of heroin (one gram), R.C. 2925.11; 3) possession of heroin (over 100 unit doses but less than 500 unit doses); 4) preparation of heroin for sale, R.C. 2925.07; 5) possession of criminal tools, R.C. 2923.24; and 6) escape, R.C. 2921.34. Once again, appellant posted bond after his arrest and remained free while his indictment was pending.
 {¶ 5} In CR-399207, appellant was indicted for offenses that were alleged to have occurred on April 26, 2000, prior to the foregoing offenses. In that case, appellant was charged on four counts: 1) trafficking in crack cocaine (over 100 grams), R.C. 2925.03; 2) preparation of crack cocaine for sale, R.C. 2925.07; 3) possession of crack cocaine, R.C. 2925.11; and 4) possession of criminal tools, R.C.2923.24. The first three counts carried a major drug offender specification.
 {¶ 6} Although no journal entries exist concerning appellant's arraignment on these charges, he apparently entered pleas of not guilty but eventually agreed to a plea bargain. The trial court conducted a hearing at which the maximum penalties involved for all of the offenses as set forth in the indictments carefully were listed.
 {¶ 7} Appellant had agreed to enter pleas of guilty to the indictments in CR-396973 and CR-398926, in exchange for the state's amendment of the indictment in CR-399207. The state would both delete the specification and reduce the amount of contraband set forth in count one and dismiss counts two through four. Appellant and the state also agreed to a sentence in that case of eight years. Nevertheless, following this discussion the trial court made an effort to remind appellant that it retained discretion with regard to the potential sentences in the first two cases. After conducting a thorough Crim.R. 11 colloquy, the trial court accepted appellant's pleas of guilty.
 {¶ 8} The trial court then proceeded to sentencing. The trial court indicated it already had reviewed the pre-sentence report prepared in another one of appellant's cases in conjunction with the statutory "principles and purposes" and factors it was required to consider. During the prosecutor's address, the court was reminded of appellant's further accumulation of a lengthy criminal record even after he had been granted the privilege of judicial release in an earlier case.
 {¶ 9} Defense counsel and appellant both requested leniency. Appellant excused his actions by stating he had lost his job and simply taken advantage of an "opportunity" that "presented itself" in order to support his three children.
 {¶ 10} In pronouncing sentence, the trial court determined the eight year term for the plea in CR-399207 was appropriate pursuant to the statutory guidelines. In CR-398926, the trial court imposed terms that were ordered to be served concurrently to the foregoing sentence.
 {¶ 11} In CR-396973, the trial court indicated that appellant's previous convictions militated against community control sanctions and required prison terms. It imposed a term of twelve months on counts one and two and eleven months on count three, but ordered the terms to run consecutively to the term of eight years imposed in CR-399207. The trial court explained that was "necessary to protect the public and punish the offender," was not "disproportionate punishment to the conduct," and that appellant posed a "considerable" danger because he committed the offenses while on judicial release and his "criminal history show[ed] consecutive terms [were] needed to protect the public."
 {¶ 12} Appellant has appealed from the imposition of sentence, presenting the following assignment of error for review:
 {¶ 13} "THE COURT ERRED BY ORDERING THE DEFENDANT TO SERVE CONSECUTIVE SENTENCES WITHOUT STATING ON THE RECORD ITS REASONS FOR MAKING THE REQUIRED FINDINGS."
 {¶ 14} Appellant argues his sentence should be vacated for the trial court's failure to comply with R.C. 2929.19(B)(2)(c), which requires the trial court to make a finding that gives its reasons for the imposition of consecutive sentences. Appellant's argument is unpersuasive.
 {¶ 15} After complying with the requirements of R.C. 2929.14(E) in determining consecutive sentences were warranted in appellant's cases, the court went on to explain appellant had been granted "a second chance" by its "predecessor" but nevertheless had proceeded to participate in drug crimes again. The court also stated appellant had ignored the opportunity to obtain legitimate employment. It concluded by addressing appellant as follows: "Your history of recidivism in the past and potential for committing crimes in the future, it is just too great not to impose a consecutive sentence in this particular case."
 {¶ 16} The foregoing review of the trial court's comments demonstrates that the court not only made the requisite findings before imposing a consecutive sentence, but also gave its reasons for doing so, viz., appellant's propensity for continuing to commit more serious crimes rather than seeking to obtain gainful employment even after already on many occasions being shown sentencing leniency.
 {¶ 17} Under the circumstances, the trial court could not have fulfilled its statutory duties any more clearly. State v. Edmonson
(1999), 86 Ohio St.3d 324; State v. McGee (Nov. 21, 2001), Cuyahoga App. No. 77463.
 {¶ 18} Accordingly, appellant's assignment of error is overruled.
 {¶ 19} Appellant's sentences are affirmed.
 {¶ 20} This cause is affirmed.
It is ordered that appellant pay the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court for execution of sentences.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., CONCURS.
PATRICIA ANN BLACKMON, J., DISSENTS.